**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | | |
|---|---|---|
| **ALBERT CLATTERBUCK, CHRISTOPHER MARTIN, EARL MCCRAW, JOHN JORDAN AND MICHAEL SLOAN,** | : | **COMPLAINT and JURY DEMAND** |
| **Plaintiffs,** | : | **Civil Action No. 3:11cv______** |
| **vs.** | : | |
| **CITY OF CHARLOTTESVILLE,** | : | |
| **Defendant.** | : | |

Plaintiffs, Albert Clatterbuck, Christopher Martin, Earl McCraw, John Jordan and Michael Sloan by and through their attorneys, allege as follows:

**INTRODUCTION**

1. This is an action challenging the criminalization of protected speech under the First and Fourteenth Amendments to the United States Constitution.

**JURISDICTION**

2. This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. This Court has jurisdiction over this action under 28 U.S.C. §§1331 and 1343(a)(3) and (a)(4) and 28 U.S.C. §§2201 and 2202.

**VENUE**

3. Venue properly lies in this District pursuant to 28 U.S.C. §§ 1391(b)(2) because Defendant City of Charlottesville is located within the boundary of the Charlottesville Division.

## PARTIES

4. Plaintiff Albert Clatterbuck is an adult United States citizen and a resident of Charlottesville, Virginia.

5. Plaintiff Christopher Martin is an adult United States citizen and a resident of Charlottesville, Virginia.

6. Plaintiff Earl McCraw is an adult United States citizen and a resident of Charlottesville, Virginia.

7. Plaintiff John Jordan is an adult United States citizen and a resident of Charlottesville, Virginia.

8. Plaintiff Michael Sloan is an adult United States citizen and a resident of Charlottesville, Virginia.

9. Defendant City of Charlottesville (hereinafter "City") is a political subdivision of the Commonwealth of Virginia; the City enacts ordinances through its legislative branch, the City Council.

## FACTS

10. Each of the Plaintiffs is impecunious and reliant to a certain extent on begging to sustain himself.

11. One of the locations where each Plaintiff begs is East Main Street in the City, commonly known as the Downtown Mall. The Downtown Mall has numerous restaurants and cafes with outdoor seating, and plaintiffs regularly beg within view of those restaurants and cafes.

12. The Defendant City of Charlottesville has adopted and enforced an ordinance, titled "Soliciting," which restricts the right to solicit on the downtown mall and criminalizes conduct in

violation of that ordinance.

13. The Code provisions challenged in this action are as follows:

Sec. 28-31. Soliciting.

(a) It shall be unlawful for any person to solicit money or other things of value, or to solicit the sale of goods or services:
. . . .

(5) From or to any person seated within an outdoor café area, during the hours of operation of such outdoor café;

(6) From or to any person who is conducting business at any vendor table or cart.
. . . .

(9) On the Downtown Mall within fifty (50) feet (in any direction) of 2nd Street West and 4th Street East.

(b) For the purposes of this section the following words and phrases shall have the meanings ascribed to them below, unless a different meaning is plainly required by the context:

. . . .

*Solicit* means to request an immediate donation of money or other thing of value from another person, regardless of the solicitor's purpose or intended use of the money or other thing of value. A solicitation many take the form of, without limitation, the spoken, written or printed word, or by other means of communication (for example: an outstretched hand, an extended cup or hat, etc.).

(c) Any person violating the provisions of this section shall be guilty of a class 3 misdemeanor.

14. The Code also prohibits soliciting in an "aggressive manner" in any public area.

Plaintiffs do not challenge this provision.

**FIRST CAUSE OF ACTION**
(Not Content Neutral - No Compelling Interest)

15. The conduct Plaintiffs have engaged in and seek to continue is expressive activity

protected by the First Amendment to the United States Constitution.

16. The City adopted all or part of the cited sections in order to restrict the right of the impoverished to solicit funds for their own well-being.

17. The ordinance criminalizes some speech (i.e. solicitation of money or things of value or the sale of goods and services) and not other speech (i.e. all other forms of speech, including all other forms of solicitation) based on the content of the communication.

18. The City does not have a compelling interest in limiting the First Amendment rights of the impoverished to solicit funds for their own well-being.

19. The ordinance violates the First and Fourteenth Amendments to the United States Constitution.

20. As a direct and proximate result of the conduct of Defendant in enacting the ordinance, Plaintiffs have and will continue to suffer harm, including, but not limited to, damages to their right to communicate to the general public as well as emotional distress.

**SECOND CAUSE OF ACTION**
(Vagueness)

21. The prohibition on soliciting "[f]rom or to any person seated within an outdoor café area" and "[f]rom or to any person who is conducting business at any vendor table or cart" is so vague as to require that those subject to its restrictions guess at its meaning.

22. Because it is vague, the section in question gives virtually unlimited discretion to law enforcement in enforcing the ordinance.

23. The vagueness of the section in question renders it in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

24. As a direct and proximate result of the conduct of Defendant in enacting the ordinance, Plaintiffs have and will continue to suffer harm, including, but not limited to, damages to their right to communicate to the general public as well as emotional distress.

**THIRD CAUSE OF ACTION**
(Ordinance does not serve a significant interest and is not narrowly tailored)

25. The Downtown Mall in the City of Charlottesville is a traditional public forum.

26. If construed as content neutral, the challenged sections of the ordinance do not serve a significant interest of the city and, in any event, are not narrowly tailored to serve the asserted interest.

27. For the foregoing reasons, the challenged sections of the ordinance violate the First and Fourteenth Amendments to the United States Constitution.

28. As a direct and proximate result of the conduct of Defendant in enacting the ordinance, Plaintiffs have and will continue to suffer harm, including, but not limited to, damages to their right to communicate to the general public as well as emotional distress.

**RELIEF SOUGHT**

WHEREFORE, Plaintiffs ask the Court for the following relief against the Defendant:

a. that a declaratory judgment be entered pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., declaring the Defendant's ordinance unconstitutional in violation of the First and Fourteenth Amendments to the United States Constitution on its face and as applied to the plaintiffs.

b. that an injunction issue enjoining the enforcement of the sections of the City code at issue here;

c. that Plaintiffs be awarded compensatory and nominal damages;

d. that Plaintiffs be awarded costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and,

e. such other and further relief as the Court may deem proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

ALBERT CLATTERBUCK, CHRISTOPHER MARTIN, EARL MCCRAW, JOHN JORDAN and MICHAEL SLOAN,

By counsel

s/Jeffrey E. Fogel
Jeffrey E. Fogel, VSB #75643
Cooperating Attorney for the ACLU of Virginia
913 E. Jefferson Street
Charlottesville, VA 22902
Tel 434-984-0300
Fax 434-220-4852

Steven D. Rosenfield, VSB #16539
Cooperating Attorney for the ACLU of Virginia
913 East Jefferson Street
Charlottesville, VA 22902
Tel 434-984-0300
Fax 434-220-4852

Rebecca K. Glenberg (VSB #44099)
Thomas O. Fitzpatrick (VSB #80364)
American Civil Liberties Union of
Virginia Foundation, Inc.
530 E. Main Street, Suite 310
Richmond, Virginia 23219
Tel 804- 644-8080
Fax 804- 649-2733

June 23, 2011