CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

AUG 12 2013

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ALBERT CLATTERBUCK, et al, ) | CASE NO. 3:11CV00043 |
| ) | |
| Plaintiffs, ) | |
| ) | REPORT AND RECOMMENDATION |
| v. ) | |
| ) | |
| CITY OF CHARLOTTESVILLE, ) | |
| ) | By: B. WAUGH CRIGLER |
| Defendant. ) | U.S. MAGISTRATE JUDGE |

The defendant's July 19, 2013 Rule 37 Motion to Dismiss the Complaint of Earl McCraw, John Jordan, and Michael Sloan and plaintiffs' counsel's August 1, 2013 Cross-Motion to Withdraw as Counsel for Plaintiffs McCraw, Jordan, and Sloan are before the undersigned pursuant to authority of 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). The defendant's motion seeks dismissal of the three plaintiffs' complaint for failure to comply with discovery requests.[1] The motion filed by plaintiffs' counsel seeks withdrawal due to these plaintiffs' failure to stay in communication with counsel, thus interfering with counsel's ability to represent them. For the reasons that follow, the undersigned will enter an Order DENYING the motion to withdraw and herein will RECOMMEND that the Rule 37 motion be GRANTED and that the claims of McCraw, Jordan, and Sloan be DISMISSED for failure to prosecute.

On June 23, 2011, plaintiffs Albert Clatterbuck, Christopher Martin, Earl McCraw, John Jordan, and Michael Sloan filed a complaint in this court against the City of Charlottesville. (Dkt.

---

[1] While the defendant's motion under Fed. R. Civ. P. 37 seeks entry of an order dismissing the claims filed by plaintiffs, McCraw, Jordon and Sloan, which would require the undersigned to recommend action be taken by the presiding District Judge, the undersigned could decline dispositive relief and impose by order alternative sanctions without the necessity of entering a report and recommendation. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi), (d)(3). To that extent, defendant's motion will be treated as one seeking hybrid relief.

No. 1.) They assert they are indigents who rely to a certain extent on panhandling to sustain themselves, including in the area of Charlottesville known as the "Downtown Mall," and they challenge an ordinance adopted and enforced by the defendant which restricts soliciting in the Downtown Mall. *Id.* at 2-6. Plaintiffs seek declaratory, injunctive, and monetary relief for what they claim are violations of their First and Fourteenth Amendment rights made actionable under 42 U.S.C. § 1983, together with costs and reasonable attorneys fees under 42 U.S.C. § 1988, and have demanded a trial by jury. *Id.*

On August 5, 2011, the defendant filed a Motion to Dismiss plaintiffs' complaint, claiming lack of standing and failure to state a claim upon which relief could be granted. (Dkt. No. 11.) On January 18, 2012, Presiding District Judge Norman K. Moon granted the motion and dismissed plaintiffs' case from the docket of the court. (Dkt. Nos. 23, 24.) Plaintiffs timely appealed (Dkt. No. 25), and, on February 21, 2013, the Court of Appeals reversed the District Judge's decision and remanded the case to him for further proceedings. (Dkt. Nos. 33, 34.) The case was reopened on the court's docket on March 26, 2013, and discovery deadlines were set by Order entered on April 5, 2013. (Dkt. Nos. 38, 41.) The cutoff for all discovery is September 6, 2013, which neither side is seeking to extend. (Dkt. No. 41.)

On July 19, 2013, the defendant filed a motion under Fed. R. Civ. P. 37 seeking the discovery sanction of dismissal of the claims of Earl McCraw, John Jordan, and Michael Sloan on the grounds that each plaintiff had failed to respond to the interrogatories and requests for document production served to each individual plaintiff on April 30, 2013. (Dkt. No. 47.) The defendant contends that no answers or responses have been served by any of these three plaintiffs despite written requests to their counsel of record on June 14, 2013 and July 15, 2013. *Id.* The defendant acknowledges that the other two plaintiffs, Albert Clatterbuck and Christopher Martin, have responded to discovery requests and have been deposed, and that the defendant seeks no sanctions against them. *Id.* at 2. The defendant offers that this failure to respond in a timely manner to its discovery requests

2

prejudices its ability to defend against plaintiffs' claims. *Id.* Accordingly, the defendant moves to strike the claims of McCraw, Jordan, and Sloan and dismiss the three plaintiffs' action against them with prejudice or for such other appropriate relief under Fed. R. Civ. P. 37. *Id.*

On August 1, 2013, counsel for the plaintiffs filed a cross-motion seeking to withdraw as counsel for McCraw, Jordan, and Sloan. (Dkt. No. 48.) In the declaration filed with the motion, Jeffrey E. Fogel, Esq., plaintiffs' lead counsel, has apprised the court that he previously had instructed these plaintiffs to inform him if they left the area, or otherwise were unable to communicate with him, and to provide a telephone number if a phone was acquired. He further stated that he has not been able to physically locate the three plaintiffs since the action was remanded by the Court of Appeals, hindered by the fact that each plaintiff is homeless and without a fixed address. (Dkt. No. 48-1.) Mr. Fogel notes that he did contact McCraw and Jordan by telephone after remand and informed each that they needed to provide counsel with the information sought in the defendant's discovery. *Id.* at 1-2. However, neither of these plaintiffs did so, and he has been unable to reestablish contact with them since then. *Id.* at 1-2. Mr. Fogel also stated that he has been unable to contact Sloan, noting that the cell phone number he provided was out of service. *Id.* at 2.

Fogel offered that he has not been able to file discovery responses because he has been unable to consult with plaintiffs, McCraw, Jordan, and Sloan. *Id.* These same reasons provide the basis for his inability to effectively represent them and for his request to withdraw. *Id.*

A hearing was held before the undersigned on the two motions on August 7, 2013. (Dkt. Nos. 49-52.) Counsel for the parties essentially repeated the basis set forth in their brief to support their respective motions. Fogel added that, since the declaration was filed, he attempted to contact plaintiff Sloan through a Facebook account Sloan apparently had opened, but that he received no response. Counsel for defendant made clear that the motion sought only the dismissal of the claims made by the three plaintiffs, and that the motion did not apply to the other two plaintiffs. He added

3

that, with discovery closing, there was nothing more either side could do to obtain the information sought, and that the remedy the defendant seeks is justified under the circumstances.

Under Fed. R. Civ. P. 37, sanctions may be imposed for the failure of a party to comply with discovery, including responses to interrogatories under Rule 33 or a request for production under Rule 34. Fed. R. Civ. P. 37(d)(1)(A)(ii). The following sanctions are available to the court: (1) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (2) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (3) striking pleadings in whole or in part; (4) staying further proceedings until the order is obeyed; (5) dismissing the action or proceeding in whole or in part; or (6) rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi), (d)(3). In this circuit, there is a four-part test for determining which sanction or combination of sanctions is appropriate. Those factors are: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Anderson v. Foundation for Advancement*, 155 F.3d 500, 504 (4th Cir. 1998). The standard for imposing dismissal as a sanction under Rule 37 is "virtually the same" as that for dismissal for failure to prosecute under Rule 41. See *Carter v. University of West Virginia System, Bd. of Trustees*, 23 F.3d 400, 1994 WL 192031, at *2 (4th Cir. 1994) (unpublished opinion); *Silvious v. RR Donnelley & Sons*, No. 5:10CV00116, 2011 WL 3846775, at *2 (W.D.Va. Aug. 29, 2011) (citing *Carter*). Accordingly, before deciding to dismiss a case, the court should consider: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Id.*; *See also Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990).

Under Rule 1.16(b) of the Virginia Rules of Professional Conduct, an attorney may withdraw from representing a client if withdrawal can be accomplished without any material adverse effect on the interests of the client, or if: (1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is illegal or unjust; (2) the client has used the lawyer's services to perpetrate a crime or fraud; (3) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent; (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (6) other good cause for withdrawal exists. Furthermore, in any court proceeding, counsel shall not withdraw except by leave of court after compliance with notice requirements, and, in any other matter, a lawyer shall continue representation notwithstanding good cause for terminating the representation, when ordered to do so by a tribunal. VA. RULES OF PROFESSIONAL CONDUCT 1.16(c). Three factors frame whether a court abuses its discretion in denying a request for substitution of counsel: (1) timeliness of the motion; (2) adequacy of the court's inquiry; and (3) whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense. *See United States v. DeTemple,* 162 F.3d 279, 288 (4th Cir. 1998).

Having examined the motions and listened to the parties' oral arguments, the undersigned finds that Mr. Fogel has been diligent in attempting to secure discovery responses from these three plaintiffs. Essentially, he has gone the extra mile and fulfilled all his ethical and legal duties to protect his client's interests. In addition, the undersigned finds that McCraw, Jordan, and Sloan had been instructed by their counsel to stay in touch, and that both McCraw and Jordan personally were informed by counsel of their discovery obligations. The clear inference here is that McCraw, Jordan, and Sloan have ignored Fogel's efforts to represent them and prosecute their claims, and their failure to communicate with counsel or otherwise to respond to the defendant's discovery requests amounts

5

to willful neglect if not intentional abandonment of their claims and is tantamount to failure to prosecute. Fault for this lies solely at the feet of these three plaintiffs. Their failure to comply with their discovery obligations has caused undue delay and generated undue expense and essentially makes it impossible for defendant to adequately respond to plaintiffs' allegations, particularly their claim for damages. Moreover, the issues presented for declaratory and injunctive relief will not go unprosecuted, as the other two plaintiffs, Clatterbuck and Martin, would remain in the case in the event the claims of these three are dismissed.

Other forms of sanctions, such as the preclusion of evidence offered by these plaintiffs, are available, but the effect would be the same and such action by the court would subject defendant to further undue expense in seeking summary judgment on that account. It is the undersigned's view that dismissal is appropriate in view of the actions by these three plaintiffs essentially abdicating their involvement in the case and abandoning their claims. In other words, no lesser sanction would seem to do.

Accordingly, the undersigned RECOMMENDS that the presiding District Judge enter an order GRANTING the defendant's Rule 37 motion and DISMISSING the claims of McCraw, Jordan, and Sloan with prejudice. The claims of plaintiffs, Clatterbuck and Martin, are to remain unaffected. A separate Order will enter DENYING the motion of counsel for these three plaintiffs to withdraw.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they have 10 days to appeal the Order denying the motion to withdraw and fourteen (14) days to note objections, if any they may have, to the Report and Recommendation to grant defendant's motion to dismiss. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as

6

to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk is directed to transmit a certified copy of this Memorandum/Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

8-12-2013
Date