```
 1            IN THE UNITED STATES DISTRICT COURT
 2           FOR THE WESTERN DISTRICT OF VIRGINIA
 3                   Charlottesville Division
 4    *********************************************
 5    ALBERT CLATTERBUCK,
      CHRISTOPHER MARTIN,
 6    EARL McCRAW, JOHN JORDAN
      and MICHAEL SLOAN,
 7
                  Plaintiffs,
 8
         -vs-                           Case No.
 9                                      3:11-cv-00043

10    CITY OF CHARLOTTESVILLE,                COPY

11              Defendant.
12    *********************************************
13
                 DEPOSITION OF TIMOTHY J. LONGO
14
                    12:08 p.m. to 1:22 p.m.
15
                         August 6, 2013
16
                    Charlottesville, Virginia
17
18
19
20
21
22                                              EXHIBIT
23                                                 13
24    Job No. 22525
25          REPORTED BY:  Kimberly A. Adderley, RPR, RMR
```

1   specifically being part of the decision to make it
2   50 as opposed to 30, as opposed to 10.  But, as a
3   general matter, any steps to remove distractions
4   from that conflict point was certainly something
5   we supported then and continue to support now.
6       Q.   And would that improve public safety on
7   the Mall?
8       A.   Removing distractions from that
9   conflict point, yes, sir.
10      Q.   Now, you were asked a number of
11  hypotheticals, but then I think you also testified
12  about an actual incident that Sergeant Jones
13  reported he witnessed; is that right?
14      A.   Yes, sir.  I believe that's in part
15  what was referenced up in paragraph one, the near
16  misses.
17      Q.   When you make your suggestions to these
18  individuals that you have mentioned, Jeanie
19  Alexander, the traffic engineer, City Manager,
20  City Attorney, are these based on your own
21  personal experience or experience that officers
22  have reported to you of problems, say, in this
23  case, on the Downtown Mall?
24      A.   It could be both.
25      Q.   All right.  Now, were there any reports

```
 1     to you by Officer Jones or any other officers of
 2     distractions being created by sandwich boards?
 3          A.   No, sir.
 4          Q.   Or signs out on the Mall in the swale
 5     from various business establishments?
 6          A.   No, sir.
 7          Q.   Any reports of distractions in the
 8     50-foot area of people because they had blue hair
 9     or piercings on their body?
10          A.   No, sir.
11          Q.   So, you reacted and your concerns were
12     based on the actual concrete experiences that
13     officers had reported of safety issues; is that
14     right?
15          A.   Yes, sir.
16          Q.   Subject, also, to your ultimate wish,
17     which would be not to even have cars on the Mall;
18     is that right?
19          A.   That's correct.
20          Q.   You agree that vehicles and pedestrians
21     don't mix?
22          A.   Not at all.
23          Q.   Would you agree with that?
24          A.   I would agree with that.  They don't
25     mix at all, no, sir.
```

```
 1      A.      Yes, sir.
 2      Q.      And does the ordinance improve traffic
 3   safety on the Downtown Mall?
 4      A.      To the extent that it has curtailed
 5   this particular activity tremendously, yes, sir.
 6      Q.      Again, going back to Exhibit 1, the
 7   ordinance, (a)(9), you were asked about the
 8   Spectacle Shop, or you mentioned the Spectacle
 9   Shop within 50 feet of that vehicular crossover;
10   is that right?
11      A.      Yes, sir.  That's actually the 50-foot
12   mark right at their front door.
13      Q.      Is that Spectacle Shop then adjacent to
14   the Downtown Mall?
15      A.      It's on the Downtown Mall, yes, sir.
16      Q.      Okay.  But it's a business, it's not a
17   person; right?
18      A.      That's correct.  Yes, it's a business.
19      Q.      Have you reported any -- have you
20   received any reports that the mere presence of the
21   Spectacle Shop or its signs outside were creating
22   a distraction for pedestrians or vehicles crossing
23   the Mall at that crossover?
24      A.      No, sir.
25              MR. MILNOR:  I have no further
```

Case 3:11-cv-00043-NKM-RSB   Document 64-13   Filed 10/15/13   Page 5 of 6   Pageid#: 764

Job # 22525

Clatterbuck et al v. City of Charlottesville
Chief Timothy J. Longo

Page 74
8/6/2013

DEPOSITION ERRATA SHEET

Our Job No. 22525
Case Caption: Clatterbuck vs. Charlottesville
Deposition Date: August 6, 2013

DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I have read the entire transcript of my Deposition taken in the captioned matter or the same has been read to me, and the same is true and accurate, save and except for changes and/or corrections, if any, as indicated by me on the DEPOSITION ERRATA SHEET hereof, with the understanding that I offer these changes as if still under oath.

Signed on the 29 day of August, 2013.

_____
TIMOTHY J. LONGO

Subscribed and sworn before me this 29 day of August, 2013, in Charlottesville, VA.

_____
Notary Public

My Commission Expires: 11/30, 2014.

Notary Public Registration No. 187477.

(434) 293-3300
www.cavalier-reporting.com

Reported by Kimberly A Adderley
Cavalier Reporting & Videography

(800) 972-1993
info@cavalier-reporting.com

Job # 22525     Clatterbuck et al v. City of Charlottesville / Chief Timothy J. Longo     Page 75   8/6/2013

# DEPOSITION ERRATA SHEET

Page No. 27 Line No. 2 Change to: "ON demand"

Reason for change: "IN demand" is INCORRECT.

Page No. 38 Line No. 6 Change to: "I THINK IT's ADVERTISEMENT"

Reason for change: INCORRECT

Page No. _____ Line No. _____ Change to: _____

Reason for change: _____

Page No. _____ Line No. _____ Change to: _____

Reason for change: _____

Page No. _____ Line No. _____ Change to: _____

Reason for change: _____

Page No. _____ Line No. _____ Change to: _____

Reason for change: _____

Page No. _____ Line No. _____ Change to: _____

Reason for change: _____

SIGNATURE: [signed]  DATE: 8/29/13

TIMOTHY J. LONGO